UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY, <br><br> Plaintiffs, <br> v. <br><br> MARCELO RUIZ, et al, <br><br> Defendants. | CASE NO.  08 CV 2376 MMA (JMA) <br><br> **ORDER GRANTING PLAINTIFF PROGRESSIVE DIRECT INSURANCE COMPANY'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT** <br><br> [Doc. No. 38] |

This matter is before the Court on Plaintiff Progressive Direct Insurance Company's Motion for Summary Judgment [Doc. No. 38].  Plaintiff moves for summary judgment as to its second claim against Defendant Marcelo Ruiz, individually and doing business as Symbolic Tours, for declaratory relief.[1]  Plaintiff seeks a judicial declaration that it has no duty under the insurance policy at issue to pay Ruiz for any loss to or of his insured motor home as a result of an accident involving the motor home on August 19, 2007.  Ruiz, who is proceeding *pro se*, did not file an opposition to Plaintiff's motion.  For the following reasons, the Court **GRANTS** Plaintiff's motion.

---

[1] The Court granted Plaintiff's Motion for Partial Summary Judgment as to its first cause of action for declaratory relief on August 12, 2009.  (*See* Doc. No. 35.)

1

# BACKGROUND

This action arises out of events surrounding a serious vehicular accident involving a luxury motor home insured by Plaintiff.[2] Effective April 5, 2006, Plaintiff issued a vehicle insurance policy, Policy No. 14059607-0 ("the Policy"), to Ruiz. The Policy listed as a covered vehicle a 1995 Prevost motor home. At the time of issuance, the Policy listed Ruiz's mailing and garaging address as Missoula, Montana. Ruiz later changed the address to a San Diego, California location. The Policy provided standard vehicle liability coverage for losses arising out of Ruiz's ownership, maintenance, and use of the motor home. The Policy explicitly excluded coverage for losses arising out of any commercial use of the motor home, stating:

> "**EXCLUSIONS – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.**
>
> Coverage under this Part I, including our duty to defend, does not apply to:
>
> 1.  bodily injury or property damage arising out of the ownership, maintenance, or use of a vehicle or trailer while being used to carry persons or property for compensation or a fee . . ."

Ruiz renewed the Policy annually and the Policy was in full force and effect on August 19, 2007. On this date, an accident occurred involving the motor home, injuring eight individuals who were riding in the motor home at the time. Ruiz later informed Plaintiff's claim adjustor that he was the owner of the motor home, which was driven at the time of the accident by Michelle Walsh with his permission. Ruiz further explained that Walsh inquired after seeing his motor home parked in front of his home whether he wished to charter out the vehicle. Ruiz acted on this advice and rented the motor home to Five Star Tours, a subcontractor working with a charter company. Five Star Tours paid Ruiz for the rental. (*See McMurray Decl'n.* ¶¶ 2-4.)

On December 22, 2008, Plaintiff filed this action alleging two cause of action for declaratory relief, the second of which is currently at issue. Plaintiff seeks a judicial declaration that Plaintiff has no duty under the Policy to pay Ruiz for any loss to or of the motor home arising out of the August 19,

---

[2] All citations are taken from Plaintiff's "Separate Statement of Uncontroverted Material Facts in Support of Plaintiff's Motion for Partial Summery Judgment" unless otherwise noted.

2

2007 accident because the Policy bars coverage for loss that occurs while the coach is being used to carry persons for compensation for a fee, which is what occurred in this case. Ruiz did not file an opposition to the motion.

### DISCUSSION

#### 1. Summary Judgment Standard

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion, and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. *Id.* at 323.

If the moving party meets its initial burden, it then shifts to the non-moving party to present specific facts showing that there is a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986). Summary judgment is not appropriate if the non-moving party presents evidence from which a reasonable jury could resolve the disputed issue of material fact in his or her favor. *Anderson*, 477 U.S. at 248; *Barlow v. Ground*, 943 F.2d 1132, 1136 (9th Cir. 1991). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587.

#### 2. Unopposed Motions

The Ninth Circuit has held a district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Civil Local Rule

7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court." As such, the Court has the option of granting Plaintiff's motion on the basis of Defendant's failure to respond.

Generally, public policy favors disposition of cases on their merits. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. *Martinez v. Stanford*, 323 F.3d 1178 (9th Cir. 2003); *Brydges v. Lewis*, 18 F.3d 651, 652 (9th Cir. 1994) (citing *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion. *Id.*

This Court is far too burdened with cases that are actively prosecuted to attempt to patch together an opposition for a defendant who has abdicated his responsibility to defend himself against Plaintiff's claim for declaratory relief. Nor would it be appropriate for this Court to do so. Even *pro se* litigants must present their own legal theories and defenses; the Court cannot assume this role.

Based on Ruiz's failure to file any substantive opposition, the Court concludes that he has waived opposition and consented to Plaintiff's motion for summary judgment. In the alternative, the Court has reviewed Plaintiff's motion, including, *inter alia*, the insurance policy at issue, the statement of uncontroverted material facts, and the supporting declarations of three individuals with specialized knowledge, Debra Henry, a litigation underwriting specialist, Robin LaCava, a corporate claims attorney for Plaintiff, and Adam McMurray, a claims adjustor employed by Plaintiff, each of whom appear to have conducted a comprehensive review of the insurance policy and verified information and documents submitted in support of Plaintiff's motion. The Court finds that the motion has merit, and Plaintiff's papers are sufficient to support the motion and do not on their face reveal a genuine issue of material fact. The Court agrees with Plaintiff's assertion that the Policy is clear on its face and the uncontroverted facts demonstrate that the Policy excludes coverage for any loss related to Ruiz's

1  blatant commercial use of the insured motor home.  Plaintiff is entitled to summary judgment as to its
2  second cause of action for declaratory relief.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff Progressive Direct Insurance Company's Motion for Summary Judgment.  This order disposes of all remaining claims.  Accordingly, the Clerk of Court shall enter final judgment in favor of Plaintiff and terminate this case.

**IT IS SO ORDERED**.

DATED:  December 10, 2009

Hon. Michael M. Anello
United States District Judge